UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CITY OF BATON ROUGE/PARISH**  CIVIL ACTION
**OF EAST BATON ROUGE**

**VERSUS**

**MITCHELL OURSO, ET AL.**  NO.: 19-00457-BAJ-RLB

### TEMPORARY RESTRAINING ORDER

Before the Court is **Plaintiff and Intervenors' Motion for Temporary Restraining Order (Doc. 56)**. This Motion is opposed. *See* (Doc. 57). For the reasons stated herein, Plaintiffs' Motion is **GRANTED**.

**I.    BACKGROUND**

Anticipating landfall from Tropical Storm Barry, Plaintiff, the City of Baton Rouge/Parish of East Baton Rouge, filed a Complaint for Injunctive/Declaratory Relief, Temporary Restraining Order, and Damages (Doc. 1). Plaintiff sought to temporarily restrain Defendants from deploying aqua dams, inflatable barriers designed to contain floodwaters. (Doc. 1, at p. 14). On July 12, 2019, the Court granted Plaintiff's request and issued an order temporarily restraining Defendants from deploying or inflating any temporary aqua dams in the relevant area. (Doc. 2, at p. 2). That Order expired, and Plaintiff filed its Verified First Amended Complaint (Doc. 7). Defendants moved to dismiss Plaintiff's Complaint. *See* (Docs. 11, 18, & 54).

While Defendants' Motions are now pending before the Court, Louisiana is once more threatened by flooding, this time in the form of Tropical Storm Cristobal, which has caused the Governor to declare a state of emergency. (Proclamation, No. 76 JBE 2020). In response to this storm, Plaintiffs have filed the instant Motion seeking to enjoin Defendants "from deploying aqua dams or other impediments at or near the southern bank of Bayou Manchac along Manchac Road in Iberville Parish to the detriment of East Baton Rouge Parish." (Doc. 56–1, at p. 1).[1] A hearing was held on June 5, 2020, in which all parties participated.

In the instant Motion, Plaintiffs argue that if fully inflated the aqua dams placed along Manchac Road in Iberville Parish would elevate the Base Flood Elevation ("BFE") at the low points of Manchac Road to be above the BFE for East Baton Rouge Parish. (*Id*. at 2–3). Plaintiffs further argue that Manchac Road already benefits from natural elevation and federally funded floodgates, and that the consequences of deploying aqua dams remain uncertain for residents of both parishes. *Id*.

## II.   LEGAL STANDARD

To obtain injunctive relief by way of a Temporary Restraining Order, Plaintiffs must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs any harm that will result to the non-movant if the

---

[1] In a letter dated June 4, 2020, Defendants informed Plaintiffs of their intent to deploy the aqua dams in response to the incoming storm.

injunction is granted; and (4) that the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).

## III. DISCUSSION

Plaintiffs argue that Defendants should be enjoined from deploying "another 2.5 feet of impediments to restrict the flow of water" by the installation of the aqua dams that would "cause irreparable harm to East Baton Rouge Parish landowners." (Doc. 56–1, at p. 4). Further, Plaintiffs aver that if the aqua dams are implemented and fail, catastrophic damage and even loss of life could occur in both parishes, for which Iberville Parish cannot adequately provide compensation. (*Id*. at 5). Erecting the aqua dams, Plaintiffs allege, would prevent the natural flow of water which Iberville Parish is bound to receive, resulting in irreparable harm to Plaintiffs. (*Id*. at 6).

In opposition, Defendants argue that the Court lacks jurisdiction and that the Court cannot enjoin an alleged taking of private property when a suit for compensation can be brought subsequent to the taking. (Doc. 57 at p. 1–2).[2] Citing the Supreme Court's decision in *Knick v. Township of Scott, PA*, Defendants argue that there is no basis to enjoin Iberville Parish's action effecting a taking. Specifically, Defendants quote the Supreme Court's holding that no basis for an injunction exists "[a]s long as an adequate provision for obtaining just compensation exists." (*Id*., citing *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 204 L. Ed. 2d 558 (2019)).

---

[2] The Court notes that Defendants' pending Motions to Dismiss (Docs. 11, 18) address the issue of the Court's subject matter jurisdiction over this matter, which is scheduled for oral arguments on June 24, 2020. (Doc. 53). The Court will refrain from ruling on this issue at this stage.

3

Defendants further argue that the availability of alternative remedies is apparent from the existence of Plaintiffs' suit, which they aver should be brought in state court where remedies are readily available. (*Id.*, at 3).

Unlike the *Knick* case, which addressed a regulation that would require a private property owner to provide access to the cemetery on her property during daylight hours, Plaintiffs here allege an imminent risk of damage and loss of life. Without the benefit of full information on the effects of the aqua dams, including completed hydrological studies, the Court cannot permit Defendants to erect barriers that would alter the natural flow of water to the potential great detriment of Plaintiffs merely because compensation may be available to them. Simply put, the stakes are higher in this matter.

The Court finds that Plaintiffs have adequately demonstrated the elements required for injunctive relief. At this stage, Plaintiffs have demonstrated that the use of temporary aqua dams could exacerbate flooding in East Baton Rouge Parish that is likely to occur if Tropical Storm Cristobal makes landfall, which could result in substantial damage to property and loss of life. The balance of the harms, as well as the interest of the public, weigh in favor of granting Plaintiffs' request for injunctive relief, as they do not seek to modify the natural flow of water.

Lastly, Plaintiffs' claim for injunctive relief is likely to succeed on the merits. In addition to the takings claims under federal law, Plaintiffs raise claims under Louisiana law that are likely to prevail. Plaintiffs raise La. Civ. Code art. 667, which imposes limitations on the use of property. Specifically, the statute provides that a proprietor may not do anything "which may deprive his neighbor of the liberty of

4

enjoying his own [property], or which may be the cause of any damage to him." La. Civ. Code Ann. art. 667. In modifying the natural water flow by the erection of aqua dams, Defendants may be doing exactly that.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Plaintiff and Intervenors' Motion for Temporary Restraining Order (Doc. 56)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants are **TEMPORARILY RESTRAINED** from deploying, inflating, or otherwise placing in use any temporary aqua dams or other devices or items along Manchac Road.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall expire on **Wednesday, June 10, 2020 at 7:00 P.M.**

**ISSUED AT 8:00 P.M. ON JUNE 5, 2020**.

Baton Rouge, Louisiana, this 5th day of June, 2020

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**